<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CANDACE D., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> Acting Commissioner of Social Security <br><br> Defendant. | Case No. 2:23-cv-01151-BRM <br><br><br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff Candace D.'s ("Plaintiff") appeal of the final decision of the Acting Commissioner of Social Security ("Commissioner")[1], denying her application for Child's Insurance ("CI") benefits under Title II of the Social Security Act ("Act"), and for Supplemental Security Income under Title XVI of the Act. This Court exercises jurisdiction pursuant to 42 U.S.C. § 1383(c)(3). Having considered the submissions of the parties without oral argument, for the reasons set forth below and for good cause shown, Plaintiff's appeal (ECF No. 1) is **DENIED**, and the Commissioner's decision is **AFFIRMED**.

**I.    BACKGROUND**

This case arises out of Plaintiff's challenge to the administrative decision of the Commissioner denying her application for a period of CI benefits. (ECF No. 3 (Transcript of Proceedings ("Tr.")) at 14–25.) Plaintiff applied for CI benefits, and protectively filed for

---

[1] Upon the Appeals Council's Order denying Plaintiff's request for a review of the decision of Administrative Law Judge ("ALJ"), the ALJ's decision became the final decision of the Commissioner. (ECF No. 3-2 at 1.)

Supplemental Security Income ("SSI"), on April 30, 2020, alleging onset of disability on June 3, 2019 based on "severe impairments/conditions including, but not limited to Bipolar Disorder, Depressive Disorder, Anxiety Disorder, Post-Traumatic Stress Disorder, asthma, and obesity along with their associated functional limitations." (ECF No. 1 ¶ 5–6; Tr. at 14.)

The Social Security Administration ("SSA") initially denied Plaintiff's claims on September 8, 2020 (Tr. at 180–91), and upon reconsideration on November 13, 2020 (*id.* at 194–219). Plaintiff filed a written request for a hearing on January 14, 2021. (*Id.* at 221–24.) On July 20, 2021, Plaintiff appeared and testified at a hearing before Administrative Law Judge Sharon Allard ("ALJ Allard"). (*Id.* at 40–68.) At the hearing, Plaintiff testified to her prior work, to her history of treatment and medication, and to the symptoms of her conditions, including manic and depressive episodes, anxiety in crowds, as well as fear of men. (*Id.*) An impartial vocational expert also appeared and testified at the hearing. (*Id.*)

On January 27, 2022, ALJ Allard issued a decision finding Plaintiff was not disabled under the Act. (*Id.* at 11–30.) ALJ Allard considered the entire record in her decision, including Plaintiff's subjective testimony, the medical records, and prior administrative medical findings. (*Id.* at 16, 19.) ALJ Allard found, at step one[2], that Plaintiff had not engaged in "substantial gainful activity" in the twelve months prior to January 27, 2022, as her employment activity ceased at the alleged onset date of her disability, June 3, 2019. (*Id.* at 17.) At step two, ALJ Allard found Plaintiff had the following "severe medical impairments": "[b]ipolar disorder, depressive disorder, anxiety disorder, and post-traumatic stress disorder ('PTSD')." (*Id.*) At step three, ALJ Allard did not identify "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d),

---

[2] *See infra* Section III, describing these steps.

2

404.1525, 404.1526, 416.920(d), 416.925 and 416.926)," as the claimant's mental impairments constituted only "moderate limitations" on her functioning. (*Id.* at 17–19.) At step four, ALJ Allard found Plaintiff had the Residual Functional Capacity ("RFC")

> to perform a full range of work at all exertional levels but with the following non-exertional limitations: The claimant can understand, remember and execute simple instructions where tasks are not at an assembly line pace. She can have occasional contact with coworkers and supervisors; and have occasional contact with the public, but not with tasks that involve direct customer service. She can work around others, but not on tasks requiring teamwork or working in tandem. She can make simple work related decisions, and adapt to occasional changes in essential work tasks.

(*Id.* at 19–23.) Finally, at step five, ALJ Allard found that, based on the Plaintiff's age, work experience, and RFC, "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id.* at 24.) Specifically, ALJ Allard found Plaintiff could perform the roles of "laundry worker II (DOT #361.685-018) . . . dishwasher (DOT #318.687-010) . . . and (c) cleaner II (DOT #919.687-014)." (*Id.*)

Plaintiff submitted a Request for Review of the Hearing Decision to the Appeals Council on April 6, 2022. (*Id.* at 8–10.) On December 27, 2022, the Appeals Council denied Plaintiff's request for review of ALJ Allard's decision. (*Id.* at 1–4.) On February 27, 2023, Plaintiff filed a civil action in the United States District Court for the District of New Jersey seeking judicial review of the Commissioner's final decision under 42 U.S.C. § 1383(c)(3). (ECF No. 1 ¶ 2.)

## II.   STANDARD OF REVIEW

On a review of a final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). The Commissioner's decisions regarding questions of fact are deemed conclusive by a

reviewing court if supported by "substantial evidence" in the record. *Id.*; *see Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). This Court must affirm an ALJ's decision if it is supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Newhouse v. Heckler*, 753 F.2d 283, 285 (3d Cir. 1985). Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545 (3d Cir. 2003). The Supreme Court reaffirmed this understanding of the substantial evidence standard in *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). To determine whether an ALJ's decision is supported by substantial evidence, this Court must review the evidence in its totality. *Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). "Courts are not permitted to re-weigh the evidence or impose their own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Accordingly, this Court may not set an ALJ's decision aside, "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

### III. THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

Under the Act, the SSA is authorized to pay Social Security Disability Insurance ("SSDI") to "disabled" persons. 42 U.S.C. § 1382(a). A person is "disabled" if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A person is unable to engage in substantial gainful activity,

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

4

>national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

Regulations promulgated under the Act establish a five-step process for determining whether a claimant is disabled for purposes of SSDI. 20 C.F.R. § 404.1520. First, the ALJ determines whether the claimant has shown he or she is not currently engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(b); *see Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If a claimant is presently engaged in any form of substantial gainful activity, he or she is automatically denied disability benefits. *Id.*; *see also Bowen*, 482 U.S. at 140. Second, the ALJ determines whether the claimant has demonstrated a "severe impairment" or "combination of impairments" that significantly limits their physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c); *see Bowen*, 482 U.S. at 140–41. Basic work activities are defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). These activities include:

>(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
>(2) Capacities for seeing, hearing, and speaking;
>(3) Understanding, carrying out, and remembering simple instructions;
>(4) Use of judgment;
>(5) Responding appropriately to supervision, co-workers and usual work situations; and
>(6) Dealing with changes in a routine work setting.

*Id.* A claimant who does not have a severe impairment is not considered disabled. 20 C.F.R. § 404.1520(c); *see Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).

Third, if the impairment is found to be severe, the ALJ then determines whether the impairment meets or is equal to the impairments listed in 20 C.F.R. § 404, Subpart P, App'x 1 (the "Impairment List"). 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant demonstrates his or her impairments are equal in severity to, or meet, those on the Impairment List, the claimant has

5

satisfied his or her burden of proof and is automatically entitled to benefits. *See* 20 C.F.R. § 404.1520(d); *see also Bowen*, 482 U.S. at 141. If the specific impairment is not listed, the ALJ will consider in his or her decision the impairment that most closely satisfies those listed for purposes of deciding whether the impairment is medically equivalent. *See* 20 C.F.R. § 404.1526. If there is more than one impairment, the ALJ then must consider whether the combination of impairments is equal to any listed impairment. *Id.* An impairment or combination of impairments is basically equivalent to a listed impairment if there are medical findings equal in severity to all the criteria for the one most similar. *Williams v. Sullivan*, 970 F.2d, 1178, 1186 (3d Cir. 1992).

If the claimant is not conclusively disabled under the criteria set forth in the Impairment List, step three is not satisfied, and the claimant must prove at step four whether he or she retains the residual functional capacity ("RFC") to perform his or her past relevant work. 20 C.F.R. § 404.1520(e)–(f); *Bowen*, 482 U.S. at 141. Step four involves three sub-steps:

> (1) the ALJ must make specific findings of fact as to the claimant's [RFC]; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the [RFC] to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

*Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 (3d Cir. 2000) (citations omitted). When determining RFC, an ALJ's consideration of medical opinion evidence is subject to the framework articulated at Section 404.1527 (for claims filed before March 27, 2017) or Section 404.1520c (for claims filed after March 27, 2017).

The claimant is not disabled if their RFC allows them to perform their past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). However, if the claimant's RFC prevents him or her from doing so, an ALJ proceeds to the fifth and final step of the process. *Id.* The final step requires the ALJ to "show there are other jobs existing in significant numbers in the national economy which the

claimant can perform, consistent with her medical impairments, age, education, past work experience, and [RFC]." *Plummer*, 186 F.3d at 428; 20 C.F.R. § 404.1520(a)(4)(v). In doing so, "[t]he ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled." *Id.*; 20 C.F.R. § 404.1523. Notably, an ALJ typically seeks the assistance of a vocational expert at this final step. *Id.* (citation omitted).

The claimant bears the burden of proof for steps one, two, and four. *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). Neither side bears the burden of proof for step three "[b]ecause step three involves a conclusive presumption based on the listings[.]" *Id.* at 263 n.2; *see Bowen*, 482 U.S. at 146–47 n.5. An ALJ bears the burden of proof for the fifth step. *Id.* at 263.

On appeal, the harmless error doctrine[3] requires a plaintiff to show, as to the first four steps: (1) an error occurred; and (2) but for that error, they might have proven their disability. *Holloman v. Comm'r of Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016). In other words, when reviewing an appeal based on the first four steps, a court considers whether the plaintiff articulated a basis for a decision in their favor, based on the existing record. If the plaintiff cannot, it is unlikely they will meet their burden of showing an error was harmful. *See, e.g.*, *Lippincott v. Comm'r of Soc. Sec.*, 982 F. Supp. 2d 358, 380 (D.N.J. 2013) (finding ALJ's error was harmless); *Powers v. Comm'r of Soc. Sec.*, Civ. A. No. 19-21970, 2021 U.S. Dist. LEXIS 62340, at *20 (D.N.J. Mar. 31, 2021) (finding the plaintiff had not demonstrated she was prejudiced by the ALJ's decision and had not shown an error occurred amounting to harm).

---

[3] The Supreme Court explained its operation in a similar procedural context in *Shinseki v. Sanders*, 556 U.S. 396, 408–11 (2009) which concerned review of a governmental agency determination. The Supreme Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Id.* at 409. In such a case, "the claimant has the 'burden' of showing that an error was harmful." *Id.* at 410.

The court's review of legal issues within this appeal is plenary. *See Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). Factual findings are reviewed "only to determine whether the administrative record contains substantial evidence supporting the findings." *Sykes*, 228 F.3d at 262. Substantial evidence is "less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citation omitted). Substantial evidence also "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation and internal quotation marks omitted). When substantial evidence exists to support the Commissioner's factual findings, this Court must abide by those determinations. *See id.* (citing 42 U.S.C. § 405(g)).

## IV.   DECISION

Plaintiff challenges ALJ Allard's disability determination for: (1) improperly finding, at step three, that Plaintiff did not meet listings "12.04, 12.06 or 12.15 of CFR Part 404, Subpart B, Appendix 1" due to overreliance on the report of Dr. Robert Rekker ("Dr. Rekker"), and lack of consideration of other medical evidence (ECF No. 7 at 13–23); (2) placing insufficient weight on the opinion of Plaintiff's treating physician Dr. Ami Lim ("Dr. Lim"), who found "Plaintiff is either seriously limited or unable to meet competitive standards in most of the areas of mental functioning needed to do unskilled work" (*id.* at 20–23); and (3) omitting certain limitations detailed in the reports of Dr. Rekker, Dr. Steven Reed ("Dr. Reed"), and Dr. Teissy Meza ("Dr. Meza") from her RFC (*id.* at 17–18).

### A.   ALJ Allard's Step Three Determination

Plaintiff argues ALJ Allard's step three determination did not consider medical records and testimony which weighed in favor of finding a marked limitation of Plaintiff's "ability to interact appropriately with others, as well as her ability to maintain concentration, pace and persist." (*Id.*

8

at 17.) The Commissioner argues substantial evidence justified ALJ Allard's finding that "Plaintiff had no serious deficits in long-term memory, short-term memory, insight, or judgment," and that "Plaintiff generally did not have more than moderate limitations in concentrating, persisting, or maintaining pace." (ECF No. 14 at 12.) In particular, the Commissioner notes Plaintiff "interacted adequately with the practitioners," concentrated during her examinations, and showed no deficiencies in hygiene. (*Id.* at 12.) Plaintiff replies that ALJ Allard's decision ignores medical treatment notes and longitudinal data regarding the evolution of Plaintiff's condition, including Plaintiff's "waxing and waning symptoms." (ECF No. 15 at 2–5.)

During step three, the ALJ compares the medical evidence of a claimant's impairments with the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("listed impairments" or "listings"), which are presumed severe enough to preclude any gainful work. *See Holley v. Colvin*, 975 F. Supp. 2d 467, 476 (D.N.J. 2013), *aff'd*, 590 F. App'x 167 (3d Cir. 2014). The listings articulated in 20 C.F.R. Pt. 404, Subpt. P., App. 1, are descriptions of various physical and mental illnesses and abnormalities, categorized by the body system they affect. *Sullivan v. Zebley*, 493 U.S. 521, 529–30 (1990). All impairments are defined "in terms of several specific medical signs, symptoms, or laboratory test results." *Id.* at 530. "If a claimant's impairment meets or equals one of the listed impairments, he will be found disabled. . . . If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to step four." *Holley*, 975 F. Supp. 2d at 476. To be found disabled, however, the claimant "must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan*, 493 U.S. at 531.

"For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.*; *see* Social Security Ruling ("SSR") 83—19, Dep't of Health

& Human Servs. Rulings 90 (Jan. 1983) ("An impairment meets a listed condition . . . only when it manifests the specific findings described in the set of medical criteria for that listed impairment."); 20 C.F.R. § 416.926(a) (1989) (noting that a claimant's impairment is "equivalent" to a listed impairment "if the medical findings are at least equal in severity and duration to the criteria of any listed impairment"). "A claimant cannot qualify for benefits under the 'equivalence' step by showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment." *Sullivan*, 493 U.S. at 531–32 (citing SSR 83–19, at 91–92 ("[I]t is incorrect to consider whether the listing is equaled on the basis of an assessment of *overall* functional impairment. . . . The functional consequences of the impairments . . . irrespective of their nature or extent, *cannot* justify a determination of equivalence" [sic].)).

To conclude an applicant is not disabled under the step three analysis, the ALJ must "set forth the reasons for [her] decision." *Burnett*, 220 F.3d at 119. Conclusory statements have been found to be "beyond meaningful judicial review." *Cotter v. Harris*, 642 F.2d 700, 704–05 (3d Cir. 1981). In *Burnett*, the Third Circuit remanded the matter because the ALJ made only conclusory statements without mentioning any specific listed impairments or explaining his reasoning. *Burnett*, 220 F.3d at 119–20 (finding "although [the plaintiff] has established that she suffered from a severe musculoskeletal [impairment], said impairment failed to equal the level of severity of any disabling condition contained in Appendix 1, Subpart of Social Security Regulations No. 4"). In *Torres v. Comm'r of Soc. Sec.*, 279 F. App'x 149, 152 (3d Cir. 2008), the court found "the ALJ failed at step three by failing to consider [the plaintiff's] impairments in combination when determining medical equivalence." Further, the "ALJ failed to combine [the plaintiff's] many medical impairments and compare them to analogous Appendix 1 listings." *Id.*

10

As the Third Circuit has explained, the ALJ is not required to "use particular language or adhere to a particular format in conducting his analysis . . . [but must] ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Jones*, 364 F.3d at 505. The ALJ satisfies this standard by "clearly evaluating the available medical evidence in the record and then setting forth that evaluation in an opinion, even where the ALJ did not identify or analyze the most relevant Listing." *Scatorchia v. Comm'r of Soc. Sec.*, 137 F. App'x 468, 470–71 (3d Cir. 2005).

Listings 12.04, 12.06, and 12.15 provide multiple ways to demonstrate the existence of a severe mental impairment based on satisfying certain criteria. All three listings have requirements listed in paragraphs A, B, and C. The listings may be satisfied by the applicant meeting the criteria in both paragraphs A and B, or A and C. 20 C.F.R. Part 404, Subpart P, Appendix 1, ¶¶ 12.04, 12.06, 12.15.

Paragraph B for the three listings is the same and requires a showing that the applicant has an "[e]xtreme limitation of one, or marked limitation of two, of the following areas of mental functioning: 1. Understand, remember, or apply information. 2. Interact with others. 3. Concentrate, persist, or maintain pace. 4. Adapt or manage oneself." *Id.* ¶¶ 12.04(b), 12.06(b), 12.15(b) (internal citations omitted). Paragraph C for the three listings is also the same across all the listings, requiring Plaintiff to demonstrate a disorder that is "serious and persistent," defined as a

> medically documented history of the existence of the disorder over a period of at least 2 years, and . . . evidence of both:
> 1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder; <u>and</u>
> 2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life.

11

*Id.* ¶¶ 12.04(c), 12.06(c), 12.15(c) (internal citations omitted).

An ALJ's decision on step three need not address every minor piece of medical evidence in the record but need only show a meaningful consideration of the elements of the listings, and whether the weight of medical evidence presented shows Plaintiff meets these elements. Although "conclusory statements" that an impairment does not meet a certain listing are insufficient, courts have routinely held an ALJ's reasoning to be sufficient when the ALJ's analysis considers the specific medical requirements of the listings and considers the relevant medical evidence in evaluating whether the claimant has met the requirements. *See Parrotta v. Kijakazi*, Civ. A. No. 21-13602, 2022 WL 2289554, at *9–11 (D.N.J. June 24, 2022) (finding ALJ had based step three determination on substantial evidence because the ALJ's decision evaluated specific symptoms included in the listings, and considered medical evidence to determine whether these symptoms were met); *Rivera v. Saul*, Civ. A. No. 20-05308, 2021 WL 5122075, at *9–10 (D.N.J. Nov. 4, 2021) (finding ALJ's reasoning at step three allowed for meaningful judicial review as she listed the sources she considered in her review, identified the claimant's severe and non-severe impairments, and indicated she reviewed the medical record); *Dance v. Comm'r of Soc. Sec.*, Civ. A. No. 20-03141, 2021 WL 3144696, at *4–5 (D.N.J. July 26, 2021) (finding ALJ's reasoning at step three was based on substantial evidence in part because Plaintiff, on appeal, failed to specifically match proffered medical evidence to elements of a relevant listing). An ALJ is entitled to focus on the evidence they deem most probative, and "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record." *Frederick F. v. Comm'r of Soc. Sec.*, Civ. A. No. 20-11500, 2022 WL 445538, at *2 (D.N.J. Feb. 14, 2022) (quoting *Hur v. Barnhart*, 94 F. App'x 130, 133 (3d Cir. 2004)); *see also Gunn v. Kijakazi*, Civ. A. No. 22-995, 2023 WL 8436054, at *7 (E.D. Pa. Dec. 5, 2023) (quoting *Hur*, 94 F. App'x at 133) (same); *Jose*

12

*L. v. Comm'r of Soc. Sec.*, Civ. A. No. 20-09749, 2022 WL 603001, at *5 (D.N.J. Mar. 1, 2022) (holding an ALJ need not address every minutiae of medical evidence in the record).

Here, ALJ Allard's step three determination was supported by substantial evidence, as she made specific findings and cited to specific evidence regarding the medical requirements and impairments listed in paragraphs B and C of listings 12.04 12.06, and 12.15. ALJ Allard found Plaintiff did not meet the paragraph B criteria for the three listings, based on medical evidence showing no serious deficits in "long-term memory, short-term memory, insight, or judgment," interaction with others, "concentrating, persisting, or maintaining pace," and adapting and managing oneself. (Tr. at 18.) Similarly, ALJ Allard found Plaintiff did not meet the paragraph C criteria due to evidence that "medical treatment diminishes the signs of claimant's mental disorders, and the claimant has more than minimal capacity to adapt to changes in her environment." (*Id.* at 19.) In making these findings, ALJ Allard considered specific medical evidence, including Plaintiff's August 28, 2020 examination with Dr. Rekker. (*Id.* at 18.) For instance, ALJ Allard substantiated her finding that Plaintiff had only moderate limitations in interacting with others by noting that Dr. Rekker found Plaintiff's "eye contact was good; affect appeared restricted; and speech was normal in rate and slightly soft." (*Id.*) In finding Plaintiff only had moderate limitations in understanding, remembering, or applying information, ALJ Allard noted that Dr. Rekker found Plaintiff "recalled 3 of 3 items immediately, and after 5 minutes she remembered all 3 items." (*Id.*) Although Plaintiff argues ALJ Allard did not consider certain medical records and treatment notes in making her decision (ECF No. 7 at 19–20), ALJ Allard was not obliged to explicitly analyze every piece of medical evidence at step three. *See Frederick F.*, 2022 WL 445538, at *2 (quoting *Hur*, 94 F. App'x at 133); *Gunn*, 2023 WL 8436054, at *7

13

(quoting *Hur*, 94 F. App'x at 133); *Jose L.*, 2022 WL 603001, at *5. Rather, it is enough for the ALJ's decision to be supported by substantial evidence.

Therefore, because ALJ Allard specifically considered the elements of paragraphs B and C of the listings, and weighed the medical evidence in the record to determine if Plaintiff met these requirements, the Court will not reverse ALJ Allard's decision on this basis.

### B.     Weight of Dr. Lim's Assessments

Plaintiff argues ALJ Allard failed to adequately weigh the opinion of Dr. Lim "that the Plaintiff is either seriously limited or unable to meet competitive standards in most of the areas of mental functioning needed to do unskilled work, including maintaining regular attendance, working in proximity to others without being distracted, and accept[ing] instructions and respond[ing] appropriately to criticism at work." (ECF No. 7 at 21.) Plaintiff claims ALJ Allard's finding that Dr. Lim did not offer sufficient support for her comments is untrue, as the medical evidence substantiates Dr. Lim's opinion. (*Id.* at 22.) The Commissioner argues ALJ Allard gave Dr. Lim's opinion due consideration but found her conclusion that Plaintiff was precluded from working to be contradicted by other record evidence showing Plaintiff's continued work at a hair salon, interest in further academic studies, and active socialization. (ECF No. 14 at 14.) Plaintiff responds that ALJ Allard failed to adequately justify why she weighed other medical opinions, including the opinion of Dr. Rekker, more than the opinion of Dr. Lim, particularly given Dr. Lim was Plaintiff's long-standing treating physician. (ECF No. 15 at 5.) Plaintiff reiterates ALJ Allard incorrectly found that Dr. Lim did not offer sufficient support for her opinion, and notes instances where Dr. Lim discusses Plaintiff's response to medications, history of disputes with co-workers, and history of panic attacks. (*Id.* at 6–7.)

Generally, the Federal Regulations require an ALJ to afford great, even controlling, weight to opinions from a treating medical expert. *See* 20 C.F.R. § 404.1527(c). Controlling weight historically meant "the claimant's treating physician's diagnoses and findings regarding the degree of claimant's impairment are binding on the ALJ unless there is substantial evidence to the contrary." *Arzuaga v. Bowen*, 833 F.2d 424, 426 (2d Cir. 1987). Substantial evidence is "relevant evidence which a reasonable mind might deem adequate to support a conclusion." *Newhouse*, 753 F.2d at 285. A district court is "bound by the Secretary's findings of fact if they are supported by 'substantial evidence.'" *Id.* (citing 42 U.S.C. § 405(g)).

While it is well settled that treating physicians are in a unique position to assess the claimant's limitations, in the Third Circuit "the opinion of a treating physician does not bind the ALJ." *Chandler*, 667 F.3d at 361. Rather, pursuant to 20 C.F.R. § 404.1527(c)(2), a treating source's opinion will be given controlling weight only if the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." A treating source's conclusory medical opinions, however, will not be given controlling weight. *Houston v. Sec'y of Health & Hum. Servs.*, 736 F.2d 365, 366–67 (3d Cir. 1984). When controlling weight is not warranted, several factors are used to determine the weight given to the medical opinion including: the length, nature, and extent of the treatment relationship; supportability by the medical evidence; consistency with the record as a whole; specialization of the source of the medical opinion; and any other factor which tends to support or contradict the medical opinion. 20 C.F.R. § 404.1527(c)(2)–(6). Ultimately, "[t]he ALJ's finding must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" *Buckley v. Astrue*, Civ. A. No. 09-5058, 2010 U.S. Dist. LEXIS 77944, at *25 (D.N.J. Aug. 3, 2010) (quoting *Cotter*, 642 F.2d 700).

Here, ALJ Allard clearly explained why she declined to assign controlling weight to Dr. Lim's opinions. She noted Dr. Lim's findings that the Plaintiff "would have serious limitations or be unable to meet competitive standards in most areas of mental functioning needed for unskilled work" and that Plaintiff had "marked limitations in interacting with others and adapting or managing oneself; moderate limitations in concentration, persistence, or pace; and none to mild limitations in understanding, remembering, or applying information." (Tr. at 23.) Overall, ALJ Allard found Dr. Lim's opinions "are based on personal observations of the claimant over a period of time by the claimant's own source; however, this statement does not provide a clear rationale with supporting evidence for each of these limitations." (*Id.*) ALJ Allard also found the opinions were "not consistent with the overall record, which reflects that the claimant has moderate limitations in each of the four general areas of mental functioning." (*Id.*) Because of the opinions' inconsistency with other portions of the record, and lack of clear supporting evidence, ALJ Allard declined to assign the opinions controlling weight.

Much of Plaintiff's argument appears to indicate disagreement with ALJ Allard's weighing of the evidence, but these arguments cannot sustain a reversal of ALJ Allard's decision. It is well-established that an ALJ's decision may not be overturned simply because the Plaintiff disagrees with the ALJ's weighing of the evidence. *See Mariani v. Comm'r of Soc. Sec.*, Civ. A. No. 18-14747, 2019 WL 5418092, at *4 (D.N.J. Oct. 23, 2019) ("Plaintiff may disagree with the ALJ's decision to provide greater weight to the opinions of the three examining sources over the opinions of Dr. Vitolo, but that does not render the ALJ's step three determination to be unsupported by substantial evidence."); *Dance*, 2021 WL 3144696, at *4–5 ("Plaintiff's argument only relates that Plaintiff views the evidence in a different way, which is insufficient to establish that the ALJ's decision is not supported by substantial evidence."); *Black v. Comm'r of Soc. Sec.*, Civ. A. No. 19-

16381, 2020 WL 4334024, at *4 (D.N.J. July 28, 2020) ("The Court finds that Plaintiff's arguments present his disagreement with how the ALJ assessed that evidence rather than showing how the ALJ failed to support his findings in these areas with substantial evidence."). Here, Plaintiff's briefing details a disagreement with certain findings ALJ Allard made about Dr. Lim's report, including a disagreement that Dr. Lim did not offer a clear rationale for her findings (ECF No. 7 at 22), and an argument that ALJ Allard should not have found the opinion of Dr. Rekker to be more persuasive than the opinion of Dr. Lim (ECF No. 15 at 5). These disagreements with ALJ Allard's assessment of the evidence cannot serve as a basis for overturning ALJ Allard's decision, which need only be supported by substantial evidence. *See Matthews*, 239 F.3d at 592; *Mariani*, 2019 WL 5418092, at *4.

Accordingly, because ALJ Allard's decision clearly explained why she assigned less weight to Dr. Lim's opinion as compared to other opinions, in a manner that meets the substantial evidence standard, the Court will not reverse on this basis.

### C.    Inclusion of Medical Assessment Limitations in RFC

Plaintiff argues that it is unclear which of the limitations from Dr. Rekker's report were included in ALJ Allard's RFC determination. (ECF No. 7 at 17–18.) Plaintiff also argues ALJ Allard's RFC determination failed to include limitations from Dr. Reed and Dr. Meza's reports pertaining to Plaintiff's inability to maintain consistent attendance at a workplace. (*Id.* at 18.) The Commissioner argues "the evidence reflects that Plaintiff maintained the ability to work despite having some mental limitations, which the ALJ accounted for in the RFC." (ECF No. 14 at 14.)

The ALJ is responsible for making the ultimate determination of an individual's RFC. 20 C.F.R. § 404.1546; *see Chandler*, 667 F.3d at 361 ("The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC

17

determinations."). "[I]n making a[n] [RFC] determination, the ALJ must consider all evidence before him," and, although the ALJ may weigh the credibility of the evidence, he must "give some indication of the evidence which he rejects and his reason(s) for discounting such evidence." *Burnett*, 220 F.3d at 121; *see Cotter*, 642 F.2d at 704. "In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Cotter*, 642 F.2d at 705. "Where the ALJ's findings of fact are supported by substantial evidence, [district courts] are bound by those findings, even if [the courts] would have decided the factual inquiry differently." *Hagans v. Comm'r of Soc. Sec.*, 694 F.3d 287, 292 (3rd Cir. 2012) (internal quotation marks and citation omitted).

Here, ALJ Allard considered the reports of Dr. Rekker, Dr, Reed, and Dr. Meza in making her RFC determination. ALJ Allard gave a full summary of Dr. Rekker's examination of Plaintiff on page 9 of her opinion, which details, among other elements, Dr. Rekker's assessment of Plaintiff's "history of trauma," history of therapy, medication prescriptions, manic episodes, and hygiene. (Tr. at 22.) ALJ Allard later indicated that she found Dr. Rekker's report to be "persuasive, as it is consistent with the treatment record and function reports suggesting an ability to manage money independently." (*Id.* at 23.) Regarding Dr. Reed, ALJ Allard noted "State medical consultants Esther Tomor, MD and Steven Reed, MD, opined that the claimant has severe depressive, bipolar, and related disorders; severe anxiety disorders; severe PTSD; non-severe asthma; and non-severe substance addiction disorder (drugs)." (*Id.* at 22.) She also stated that "[t]hese findings were reaffirmed on consideration by Mary Ann Nicastro, MD and Teissy Meza, PhD." (*Id.*) ALJ Allard further found that these medical examinations found Plaintiff had "moderate limitations interacting with others" and "moderate limitations in adapting or managing oneself," among other findings. (*Id.* at 23.) However, ALJ Allard also noted that the opinions "did

18

not incorporate the entirety of the claimant's limitations." (*Id.*) ALJ Allard therefore adequately discussed how she incorporated Dr. Rekker, Dr. Reed, and Dr. Meza's reports into her RFC assessment. To the extent ALJ Allard did not explicitly consider specific details of these reports, this is not reversible error, as ALJ Allard's decision only needs to be supported by substantial evidence. *See Frederick F.*, 2022 WL 445538, at *2 (quoting *Hur*, 94 F. App'x at 133) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record."); *see also Gunn*, 2023 WL 8436054, at *7 (quoting *Hur*, 94 F. App'x at 133) (same); *Jose L.*, 2022 WL 603001, at *5 (holding an ALJ need not address every minutiae of medical evidence in the record); *Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001) (noting that "we do not expect the ALJ to make reference to every relevant treatment note in a case where the claimant . . . has voluminous medical records").

Accordingly, because ALJ Allard considered the medical reports of all relevant medical experts, and based her RFC determination on substantial evidence, the Court will not reverse on this basis.

## V.   CONCLUSION

For the reasons set forth above, the Court finds Plaintiff failed to show ALJ Allard erred in determining Plaintiff was not disabled under the Social Security Act. Therefore, Plaintiff's appeal (ECF No. 1) is **DENIED**, and the Commissioner's decision is **AFFIRMED**. An appropriate Order follows.


Date: March 4, 2024                          */s/ Brian R. Martinotti*
                                             **HON. BRIAN R. MARTINOTTI**
                                             **UNITED STATES DISTRICT JUDGE**